# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 3998 | **DATE** | December 2, 2003 |
| **CASE TITLE** | Sifuentes v. United States | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
      ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) [Other docket entry] The government's motion for reconsideration [R.15-1] is denied. A status hearing is set for January 9, 2004, at 10 a.m. to arrange for a telephonic evidentiary hearing on this matter. Enter Memorandum and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | DEC 03 2003 | 19 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| RTS | courtroom deputy's initials | | date mailed notice | |

# THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ARTHUR SIFUENTES, ) </br> ) </br> Petitioner, ) </br> ) </br> v. ) </br> ) </br> UNITED STATES OF AMERICA, ) </br> ) </br> Respondent. ) </br> _____ ) | The Hon. Blanche M. Manning </br></br> Case No. 00 C 3998 |

DOCKETED

DEC 0 3 2003

## MEMORANDUM AND ORDER

Before this court is the United States of America's motion for reconsideration of this court's May 21, 2002, order granting habeas petitioner Arthur Sifuentes' request for an evidentiary hearing on the issue of whether Sifuentes requested that his attorney appeal his sentence. *See Castellanos v. United States*, 26 F.3d 717, 718-19 (7th Cir. 1994). Based on the following, the government's motion for reconsideration is denied.

## I. BACKGROUND

On September 18, 1998, Sifuentes pleaded guilty to one count of conspiracy to possess with the intent to distribute cocaine in violation of 21 U.S.C. § 846. Included in his guilty plea was the provision that his offense level was to be increased by three levels pursuant to U.S.S.G. § 3B1.1(b) based upon his role as a manager and supervisor involving five or more participants. On July 2, 1999, the court sentenced Sifuentes to 174 months' imprisonment. Sifuentes did not directly appeal his sentence or the validity of his plea agreement to the United States Court of Appeals for the Seventh Circuit.

1C

Sifuentes, however, did file a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. In his § 2255 motion, Sifuentes asserted that he requested his trial attorney to file a notice of appeal regarding his sentence and that counsel failed to do so. Because a trial counsel's failure to file an appeal despite a defendant's request to do so constitutes *per se* ineffective assistance of counsel, *see Castellanos*, 26 F.3d at 718, this court granted Sifuentes' request for an evidentiary hearing based on this claim. *See Bruce v. United States*, 256 F.3d 592, 597 (7th Cir. 2001) (the district court must grant an evidentiary hearing if the § 2255 petitioner alleges facts, that if proven, would entitle him to relief); *see also Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (if defendant instructs counsel to initiate an appeal and counsel fails to do so, defendant entitled to appeal without establishing merits of appellate claims).

## II. STANDARD

On February 28, 2003, the government requested that the court reconsider its May 21, 2002, order granting Sifuentes' request for an evidentiary hearing. Because the government filed its motion to reconsider more than ten days after the entry of the judgment, this court must consider the motion under Federal Rule of Civil Procedure 60(b). *See Russell v. Delco Remy Div.*, 51 F.3d 746, 749 (7th Cir. 1995).

Under Rule 60(b), a party may request relief from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Federal Rule of Civil Procedure 59(b); (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or

2

otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the judgment. *See* Fed. R. Civ. P. 60(b); *McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000). Relief under Rule 60(b) is an extraordinary remedy and granted only in exceptional circumstances. *See McCormick*, 230 F.3d at 327. In essence, the rule "addresses mistakes attributable to special circumstances, not merely to erroneous applications of law." *See Russell*, 51 F.3d at 749.

## III. DISCUSSION

The government does not address the standard under Rule 60(b), nor does it allege any of the six grounds for relief required under Rule 60(b). The court, nevertheless, will address the government's arguments for the sake of clarity. In its motion for reconsideration, the government contends that Sifuentes' § 2255 motion focused on his sentencing enhancement and not on his request for appeal. The court reminds the government that courts are required to review *pro se* litigants' pleadings liberally. *See Calhoun v. DeTella*, 319 F.3d 936, 943 (7th Cir. 2003). In both his petition and reply brief, Sifuentes clearly states that he requested that his attorney appeal his sentence, albeit not under the "Issues Presented" section as the government argues.

Nevertheless, the government's arguments are based on Sifuentes' unsubstantiated and unsworn claim that he requested counsel to appeal his sentence. These arguments are without merit, however, because this court allowed Sifuentes to file a signed and sworn supplemental affidavit regarding his *Castellanos* claim.

Further, the government's argument that Sifuentes' possible appellate claim is without merit cannot support its motion for reconsideration. The *Castellanos* decision unequivocally

3

holds that a defendant need not show prejudice – the probability of success on appeal – in order to bring a claim of ineffective assistance of counsel under these circumstances. *See Castellanos*, 26 F.3d 718-19; *see also Flores-Ortega*, 528 U.S. at 477 (if defendant instructs counsel to initiate an appeal and counsel fails to do so, defendant is entitled to appeal without establishing merits of appellate claim). Further, as Sifuentes correctly notes, the appropriate mechanism to weed out appellate arguments that lack merit is pursuant to the principles enunciated in *Anders v. California*, 386 U.S. 738 (1967).

Finally, the government's argument based on *Kitchen v. United States*, 227 F.3d 1014 (7th Cir. 2000) is misplaced. In *Kitchen*, the petitioner's attorney had already filed a notice of appeal and the Seventh Circuit ultimately ruled on the direct criminal appeal in *United States v. Kitchen*, 57 F.3d 516 (7th Cir. 1995). The petitioner's § 2255 motion, however, concerned his request to his attorney to appeal a motion for a new trial that was submitted while his direct appeal was pending. *See id.* at 1016-17. Specifically, the petitioner's certificate of appealability pursuant to 28 U.S.C. § 2253(c)(3) read as follows: "Whether petitioner was denied effective assistance of counsel due to his attorney's admitted failure 'through inadvertence' to file a notice of appeal from the district court's denial of [a post-trial, as opposed to a post-appeal] motion for a new trial." *Id.* at 1017. The Seventh Circuit concluded that the petitioner was required to show prejudice, *i.e.*, the likelihood of success on appeal, because unlike *Castellanos*, the petitioner was not completely denied counsel because counsel appealed petitioner's conviction and sentence and argued several issues on appeal. *See Kitchen*, 227 F.3d at 1020-21 (in cases where courts presume prejudice from failure to file a notice of appeal, defendants had no assistance of counsel for any issue). Here, Sifuentes' claim is within the rubric of *Castellanos*

4

and *Flores-Ortega* because Sifuentes' allegations, if proven, establish that he was completely denied counsel because counsel did not file a notice of appeal in the first instance. *See United States v. Cronic*, 466 U.S. 648, 658-59 (1984) (attorney's abandonment of client is *per se* ineffective assistance of counsel). Accordingly, any argument that Sifuentes' possible appellate claim lacks merit does not alter this court's judgment based on *Castellanos*.

IV. **CONCLUSION**

For the above reasons, the government's motion for reconsideration [R.15-1] is denied. A status hearing is set for January 9, 2004, at 10 a.m. to arrange for a telephonic evidentiary hearing on this matter.

ENTER:

BLANCHE M. MANNING
U.S. DISTRICT COURT JUDGE

DATE: DEC 0 2 2003